**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 27, 2019
Decided March 29, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 18-1727

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 16-CR-40025-001 |
| MARCO A. RODRIGUEZ, *Defendant-Appellant*. | Sara L. Darrow, *Chief Judge*. |

**O R D E R**

Marco Rodriguez pleaded guilty to conspiracy to distribute at least 100 kilograms of marijuana and at least 500 grams of cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B). The district judge sentenced him within the guidelines range of 100 to 125 months (based on an offense level of 30 and criminal-history category IV) to 120 months in prison. He filed a notice of appeal, but his appointed attorney contends that the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Rodriguez opposes counsel's motion. *See* 7TH CIR. R. 51(b). Counsel's brief outlines the nature of the case and addresses the potential issues one might expect an appeal like this to involve. Because counsel's brief appears thorough (with one

qualification noted in the next paragraph), we limit our review to the topics he discusses along with the issues Rodriguez raises in response. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

Before we examine those topics, we pause to observe that counsel does not address whether Rodriguez wants to challenge his plea as unknowing or involuntary. *See United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Counsel should have consulted with Rodriguez on this question and informed us of his decision. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *Knox*, 287 F.3d at 670–71. However, we need not reject counsel's brief because the plea transcript shows that a challenge to the plea would be frivolous. During the plea colloquy, the judge substantially complied with the requirements of Rule 11 of the Federal Rules of Criminal Procedure. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002). We note two omissions from the colloquy and both are harmless. First, the judge did not inform Rodriguez of the government's right to use his statements against him in a prosecution for perjury. FED. R. CRIM. P. 11(b)(1)(A). But it would be pointless to assert this error because there is no current or prospective prosecution for perjury. *United States v. Graves*, 98 F.3d 258, 259 (7th Cir. 1996). Second, the judge did not inform Rodriguez of his right to persist in his plea of not guilty. FED. R. CRIM. P. 11(b)(1)(B). But a challenge on this issue would also be frivolous: Rodriguez had already pleaded not guilty, so he could not have been ignorant of his right to so plead. *See Knox*, 287 F.3d at 670.

Counsel considers whether Rodriguez's sentence was unreasonable under the factors set forth in 18 U.S.C. § 3553(a) and appropriately concludes that such a challenge would be hopeless. Counsel first explores whether the judge improperly disregarded Rodriguez's argument for a downward variance. At sentencing counsel asked for a downward variance because Rodriguez was responsible for a drug quantity—the marijuana equivalent of 1,045 kilograms—that barely passed the floor of the 1,000 kilograms required for base level 30. But the judge noted that the government's estimate of quantity was "very conservative" based on the "absolutely credible and uncontroverted" testimony of a narcotics agent. The agent had testified that the illicit funds included in the presentence investigation report reflected only *some* of the drug transactions attributable to Rodriguez.

Next, counsel correctly rejects as frivolous the argument that the judge ignored his second request for a downward variance—that Rodriguez's seven criminal-history points were at the low end of category IV, so his background called for a lighter sentence. The judge addressed this argument when considering the § 3553(a) factors.

Expressing her concerns about recidivism and the need for deterrence, the judge observed that Rodriguez was previously convicted of a similar drug offense and was on probation for two other cases when he committed his current offense. The judge also noted the seriousness of this offense. She stated that for at least four years, Rodriguez "trafficked drugs through sophisticated means over a large geographical area" and he was a "professional drug trafficker." The judge adequately addressed—and rejected—Rodriguez's argument that his criminal-history points overstated his criminal background. And because the sentence is within the guidelines range, we may presume that it is reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007). Nothing about how the judge handled this or Rodriguez's other arguments would rebut that presumption.

Finally, Rodriguez contends that the judge incorrectly calculated the drug quantity based on the amount reflected in the presentence investigation report, but an argument on these grounds would be futile. Before sentencing Rodriguez expressly withdrew his objections to the report in light of the government's decision not to pursue a statutorily based sentencing enhancement under 21 U.S.C. § 851, so counsel waived any objections to the drug-quantity calculation. *See United States v. Garcia*, 580 F.3d 528, 542 (7th Cir. 2009).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.